JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-01756-RGK (OPx) | Date | November 1, 2012 |
|---|---|---|---|
| Title | *DANIEL CHAVEZ v. IAPWS (IAP WORLD SERVICES) INC. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On October 12, 2012, IAP World Services and Hobert H. Hicks (collectively, "Defendants") removed this action from state Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The removing defendant bears the burden of proving that removal is proper. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Additionally, the Notice of Removal of a civil action must be filed within 30 days after receipt of initial pleadings upon defendant of a state pleading alleging a removable claim. 28 U.S.C. § 1446(b)(1).

Here, in the Notice of Removal, Defendants indicate that they received the initial state pleadings on August 9, 2012. However, the action was not removed until October 12, 2012, 34 days after the window for removal had expired. Therefore, removal is untimely and thus improper.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | slw |